UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV-228-H

**DWAYNE L. RAY** *et al.*                                                                                   **PLAINTIFFS**

**v.**

**DR. LINK** *et al.*                                                                                          **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Dwayne L. Ray initiated this action by filing a letter with this Court alleging violations of the First and Eighth Amendment as well as various state law claims. He alleges that while a prisoner at the Marion Adjustment Center ("MAC"), a nurse placed a "behavioral modification device" in his ear when he went to see the doctor for a bleeding right ear. Plaintiff claims that since his release from incarceration, a "host" has been controlling his mind via the device. Because Plaintiff filed his action in letter form, the Clerk of Court issued a deficiency notice directing Plaintiff to submit his complaint on a court-approved form. Plaintiff complied. On the form, he listed his children, mother, and brothers as additional plaintiffs, claiming that they have experienced "some emotional and mental stress" due to his situation. He named Dr. Billy Link, psychologist at MAC, as Defendant in the caption but also submitted a summons for inmate "Jamie," who Plaintiff identifies as the "host" of his behavioral modification device.

More recently, Plaintiff filed a Notice with this Court advising of a change of address and of a change in the identity of the plaintiff (DN 5). As to the change in the plaintiff, he wrote: "Change plaintiff name: to Sherise Glenn from Petitioner name which shouldn't be there in complaint!!" As the intent of the Notice was unclear, the Court entered an Order on August 29, 2007, directing Plaintiff to notify this Court in writing whether he wants to be voluntarily dismissed from this action. The Court further advised that to the extent that Sherise Glenn wants to be added as a

plaintiff, Sherise Glenn must sign the complaint and indicate her desire to be a party to this action. The Court warned Plaintiff that his failure to respond within 20 days would result in his dismissal from this action.

A review of the record reveals that Plaintiff Ray has failed to respond to this Court's Order. The Court will, therefore, dismiss Plaintiff Ray's claims for failure to prosecute.

Alternatively, the Court will dismiss Plaintiff Ray's claims as frivolous.[1] A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

As to the other individuals that Plaintiff Ray lists in the parties' section of the complaint form (his children, mother, and brothers), those individuals' claims are not mentioned elsewhere in the complaint; they did not sign the complaint, *see* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper . . . shall be signed by the [unrepresented] party."); and no address has been provided for them. There is simply no indication that Plaintiff Ray's family members intended to be parties to this action. The Court will, therefore, dismiss Plaintiff Ray's family members from this action and any claims brought on their behalf.[2]

---

[1] The federal *in forma pauperis* statute mandates that a trial court shall dismiss a civil action at any time, if the court determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

[2] To the extent Plaintiff Ray seeks to prosecute this action on behalf of his family members, such an action constitutes the unauthorized practice of law, which is prohibited. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("Although 28 U.S.C. § 1654 provides that 'in all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake.").

Having concluded that all claims must be dismissed, the entire action will be dismissed.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff Dwayne L. Ray, *pro se*
4412.005